## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## WINCHESTER DIVISION

**TIMOTHY BROWN**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

Plaintiff,

v.                                                          **NO.** 4:20-cv-00007

**HENLEY PROPANE, INC.,** *a*
*Tennessee Corporation,* **EDWARD**          **FLSA Opt-In Collective Action**
**HENLEY**, and **BRETT HENLEY**,            **JURY DEMANDED**
*individually,*

Defendants.

---

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

---

Named Plaintiff, Timothy Brown ("Plaintiff"), individually, and on behalf of himself and all others similarly situated hourly-paid employees as a class, brings this Fair Labor Standards Act ("FLSA") collective action against the Defendants Henley Propane, Inc., Edward Henley, and Brett Henley ("Defendants") and shows as follows:

### I.     NATURE OF SUIT

1.     This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former hourly-paid employees of Defendants, as defined herein.

2.     During all times material, Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at the rate of time and one-half their regular rate of pay, as required by the FLSA.

1

3.     Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.     PARTIES

4.     Plaintiff Timothy Brown was employed by Defendants as an hourly-paid employee within this district at all times material to this collective action. Mr. Brown's consent to join form is attached as *Exhibit A*.

5.     Defendant Henley Propane, Inc. is a Tennessee Corporation authorized to do business, and is currently doing business, in the State of Tennessee with its principal place of business being located at 106 E. Fort Street; Manchester, Tennessee 37355. According to the Tennessee Secretary of State, Defendant may be served via its Registered Agent Mark K. Williams at 330 Willow Brook Drive; Manchester, Tennessee 37355 or wherever he may be found.

6.     Defendant Edward Henley is the owner and founder of Henley Propane, Inc. and exercised operational control over the corporate defendant and its employees during the statutory period. Furthermore, Defendant Edward Henley determined Plaintiff's rate and method of pay and made the decision to pay Plaintiff and Class Members straight time for overtime hours, which is the crux of this lawsuit. Defendant Edward Henley is therefore individually liable under the FLSA for the non-payment of overtime complained of herein. Defendant E. Henley can be served at 330 Willow Brook Drive; Manchester, Tennessee 37355, or wherever he may be found

7.     Defendant Brett Henley is the Manager of Henley Propane, Inc. and exercised operational control over the corporate defendant and its employees during the statutory period. Furthermore, Defendant Brett Henley assisted in determined Plaintiff's rate and method of pay and made the decision to pay Plaintiff and Class Members straight time for

2

overtime hours, which is the crux of this lawsuit. Defendant Brett Henley is therefore individually liable under the FLSA for the non-payment of overtime complained of herein. Defendant B. Henley can be served at 330 Willow Brook Drive; Manchester, Tennessee 37355, or wherever he may be found

## III.    JURISDICTION AND VENUE

8.    This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

9.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendants' principal place of business is located in this district, it does business in this district and Plaintiff was employed by and performed work for Defendants in this district during all times material to this action.

## IV.    CLASS DESCRIPTION

10.    Plaintiff brings this action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid employees of Defendants during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").

## V.    COVERAGE

11.    At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.    At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.    At all times hereinafter mentioned, Defendants have been an enterprise engaged in

3

commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. Throughout the statutory recovery period applicable to this action, Defendants knew the law required that the employees who worked for them to be paid overtime for each hour they worked over forty (40) in any given workweek.

15. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendants, were engaged in commerce during all times material to this collective action.

16. At all times material to this action, Defendants have been "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

17. At all times hereinafter mentioned, Plaintiff and those similarly situated were "employees" of Defendants as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.    SCOPE OF LIABILITY AS TO INDIVIDUAL DEFENDANTS

18. Throughout the recovery period applicable to this action, individual Defendants Edward Henley and Brett Henley exercised operational control over the business activities and operations of Defendant Henley Propane, Inc., including control over the hourly paid employees employed there.

19. In particular, individual Defendants Edward Henley and Brett Henley directed and controlled work performed by Plaintiff and all other employees who worked for Defendant Henley Propane, Inc.; hired and fired employees; and implemented, approved, and/or ratified the policy of failing to pay overtime wages to Plaintiff and other current and former employees.

20. Throughout the recovery period applicable to this action, individual Defendants Edward Henley and Brett Henley were fully aware that Plaintiff was not paid overtime for each hour of compensable work they performed over forty (40) in single workweeks while in Defendants' employ as they were the ones who created said pay policy.

21. Accordingly, individual Defendants Edward Henley and Brett Henley acted "directly or indirectly in the interest of an employer in relation to" Plaintiff and are thus individually and personally liable for the unpaid overtime wages, liquidated damages, costs and attorneys' fees, and any and all other relief sought herein.

## VII.   FACTUAL ALLEGATIONS

22. Defendants' primary business, according to their website, is to provide "safe and reliable propane services for your home and family in Coffee County [Tennessee] and the surrounding area." Defendants provide "several varieties of propane services including propane tank installations, propane cylinder filling, propane cylinder exchange for convenience stores, and services for both residential and commercial propane customers."

23. Defendants' propane services are limited to only the State of Tennessee. Plaintiff and other hourly-paid employees do not cross state lines while performing work for Defendants.

24. Plaintiff Brown was employed as an hourly-paid Delivery Driver of Defendants within this

district at all times material to this action. Plaintiff Brown's hourly rate of pay was $24.00 per hour.

25. In addition to delivery propane to Defendants' customers, Plaintiff and those similarly situated were also required to go on "service runs" to customers in a company pickup truck or their own personal vehicles.

26. Plaintiff and those similarly situated regularly worked in excess of forty (40) hours per within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

27. Specifically, Plaintiff and those similarly situated were required to work approximately forty-five (45) to fifty (50) hours per week while only being paid their straight time hourly rate of pay. At a minimum, Plaintiff and those similarly situated were scheduled by Defendants to work forty-two and one-half hours (42.5) hours per week.

28. At all times material, Defendants had a centralized time keeping system for the purpose of recording the hours worked by Plaintiff and those similarly situated which system.

29. Defendants have a common plan, policy and practice of requiring, forcing, expecting and/or, suffering and permitting, Plaintiff and those similarly situated to perform work while not properly paid for all hours they worked over forty (40) but instead only paid employees straight time for all overtime hours worked.

30. Plaintiff and those similarly situated, in keeping with Defendants' said policy, did perform work in excess of forty (40) hours per week within weekly pay periods, during all times material to this action, while only being paid at their straight time hourly rate of pay.

31. Defendants knew and were aware it was not compensating Plaintiff and those similarly situated overtime compensation for the time they spent working over forty (40) in a given

6

workweek.

32. Defendants' common plan, policy and practice of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

33. The aforementioned overtime wage claims of Plaintiff and those similarly situated are unified though a common theory of Defendants' FLSA violations.

34. Defendants' failure to compensate Plaintiff and those similarly situated for the time they performed work in excess of forty (40) hours per week was willful with reckless disregard to the FLSA and, without a good faith basis for such conduct.

35. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

36. The net effect of Defendants' common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this collective action is it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VIII. FLSA COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this case as a collective action on behalf himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

38. Plaintiff seeks to pursue his unpaid overtime wage claims against Defendants on behalf of

himself, individually, and on behalf of himself and all other similarly situated hourly-paid employees as a class.

39.     Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

40.     This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' time keeping, operational and compensation plans, policies and practices.

41.     The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

42.     Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims

43.     Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

44.     Defendants knew Plaintiff and class members performed compensable work in excess of forty (40) hours per week within weekly pay periods and required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendants operated under a common

policy and practice to deprive Plaintiff and class members of such overtime compensation.

45. Defendants' conduct, as alleged herein, was willful with reckless disregard to the rights of Plaintiff and class members, which conduct caused significant damage to Plaintiff and the collective class.

46. Defendants did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

47. Therefore, Defendants are liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

48. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

49. At this time, Plaintiff cannot estimate the precise number of individuals who comprise the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

50. Given the composition of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice at Defendants' Manchester, Tennessee facility.

51. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## (Unpaid Overtime Violation of the Fair Labor Standards Act)

52.      Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

53.      At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

54.      Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

55.      At all times material, Defendants were an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

56.      Plaintiff and class members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

57.      Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

58.      As a result of Defendants' common plan, policy and practice of requiring, forcing, expecting and/or, suffering and permitting, Plaintiff and class members to perform work in excess of forty (40) hours per week within weekly pay periods and only paying straight time wages thereby depriving those employees of overtime hours at one and one-half times their regular rates of pay during such weeks, it violated the FLSA and is liable to them for such unpaid overtime.

59.      Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an

employee unless that employee is compensated for all such overtime hours worked.

60. Through its actions, plans, policies and practices Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

61. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

62. Defendants' actions were not in good faith.

63. The unpaid overtime claims of Plaintiff and the class are unified through a common theory of Defendants' FLSA violations.

64. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

65. Therefore, Defendants are liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members FLSA statutory damages against Defendants;

b) Award Plaintiff and class members all unpaid overtime compensation against Defendants;

c) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

11

d) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

e) Award prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

j) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

l) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: January 31, 2020.               Respectfully Submitted,

*s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT
OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

and

Nina Parsley (TN BPR #23818)
**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

***ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED***

13