IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| TIMOTHY BROWN, *Individually, and on behalf of himself and other similarly situated current and former employees*, | ) ) ) ) | Civil Action No. 4:20-cv-00007 |
| Plaintiff, | ) ) | District Judge Curtis L. Collier |
| v. | ) ) | Magistrate Judge Christopher H. Steger |
| HENLEY PROPANE, INC., *a Tennessee Corporation*, EDWARD HENLEY, and BRETT HENLEY, *individually*, | ) ) ) ) | |
| Defendants. | ) | |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Following extensive litigation and extensive, ongoing, negotiations, Named Plaintiff Timothy Brown ("Brown") and opt-in Plaintiff Rick Harris ("Harris") (collectively, "Plaintiffs") and Defendants Henley Propane, Inc., Edward Henley, and Brett Henley (collectively, "Defendants") reached a settlement in the above-captioned case. The Parties now respectfully request that the Court approve their settlement of this Fair Labor Standards Act ("FLSA") collective action seeking alleged overtime compensation and dismiss this case with prejudice. As detailed below, the Court should grant the Parties' Motion because this settlement is a fair, adequate, and reasonable resolution of the Parties' bona fide dispute as to liability and alleged damages under the FLSA.

**I.      Relevant Procedural and Factual History**

Brown, individually and on behalf of others similarly situated, filed the Complaint in this action on January 31, 2020. [ECF No. 1]. Harris filed a Consent to Join on February 3, 2020.

[ECF No. 6]. The putative class in this case was very small, and other potential members, while aware of the claims, expressed no interest in joining the lawsuit or bringing similar claims.

Plaintiffs acknowledged that they were paid for all hours worked but alleged that they were improperly not paid a premium overtime rate for hours worked over forty (40) in a workweek. Defendants maintain that Plaintiffs were exempt from overtime pay requirements based on the Motor Carrier Act and denied all liability under the FLSA.

The parties engaged in informal discovery, including the production of extensive pay data, time data and other documents.

Defendants deny the claims asserted in this case and make no admission whatsoever of liability or violation of the FLSA or any other statute. Defendants nevertheless desire to settle the case on the terms set forth in the Settlement Agreement for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest the controversies engendered by the litigation.

The Parties believe that the settlement represents a fair and reasonable compromise given the disputed matters and the risks of continuing forward with litigation on the merits and on decertification.

## II. Terms of the Proposed Settlement

### A. Settlement Amount and Allocation

The Settlement Agreement provides that Defendants will pay the total gross sum of $16,500.00, which includes Plaintiffs' attorneys' fees and costs. The details of the agreement are set forth in the Settlement Agreement, attached as *Exhibit A*. From the gross settlement amount,

the Plaintiffs will receive overtime compensation based on hours worked for Defendants during the recovery period, with no further deductions for fees or costs.

Plaintiffs' Counsel hereby moves that its fees and costs be approved by the Court. Plaintiffs' Counsel spent significant time and resources investigating and litigating this matter through pleadings, discovery, and settlement negotiations. Plaintiffs' Counsel will spend more hours finalizing this settlement and distributing the settlement proceeds. The amount requested by Plaintiffs' Counsel includes all costs. Plaintiffs' Counsel submits that the fee request represents a fraction of the time Plaintiffs' Counsel incurred in connection with litigating this matter. Finally, Defendants have agreed to pay this amount as fees and costs and does not oppose Plaintiffs' Counsel's request.

**B.      Release of Claims**

In exchange for the payments to be made under the Settlement Agreement, Plaintiffs have agreed to dismiss this litigation with prejudice. Further, Plaintiffs, on behalf of their heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, have agreed to release and discharge Defendants (and related individuals and entities as described in the Settlement Agreement) from all known and unknown claims for overtime compensation, minimum wages, liquidated damages, penalties and interest under the FLSA or applicable state laws (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues) arising from Plaintiffs' employment with Defendant.

**MEMORANDUM OF LAW**

The Parties have reached a settlement that fairly and reasonably resolves their claims and defenses and was negotiated at arm's length between counsel for all Parties. As such, the Court should enter an order approving the settlement accordingly.

**I. The Proposed Settlement Fairly and Reasonably Resolves the Parties Claims and Defenses.**

**A. Standard for Approval of Settlement of FLSA Collective Actions**

Although it is not clear that court approval of a settlement of FLSA claims is required in order to be binding, parties are certainly free to seek court approval of a private lawsuit brought under Section 216(b). The parties can present the district court with a proposed settlement, and the district court may enter a stipulated judgment approving the fairness of the settlement. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

In reviewing a settlement of a private FLSA claim, the court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355; *accord Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 11-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012); *Wills v. Cellular Sales of Tenn., LLC*, No. 12-391, 2014 WL 8251539, at *1 (E.D. Tenn. Aug. 18, 2014); *Simmons v. Mathis Tire & Auto Serv., Inc.*, No. 13- 2875, 2015 WL 5008220, at *1 (W.D. Tenn. Aug. 20, 2015). When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Additionally, a court presiding over an FLSA suit "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

4

### B. A Bona Fide Dispute Exists Over Liability and Damages.

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 09-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id; accord, Ochs v. Modern Design, Inc.*, No. 14-635, 2014 WL 4983674, at *2 (N.D. Ohio Oct. 6, 2014).

A bona fide dispute clearly exists in this case, which was litigated over six months. Plaintiffs claim that they were non-exempt under the FLSA and that they worked over forty (40) hours in single workweeks without being paid an overtime premium rate. Defendants specifically deny that Plaintiffs are owed any additional compensation for overtime or other wages under the FLSA or any other laws and maintain that Plaintiffs were exempt under the FLSA based on the Motor Carrier Act. Finally, Defendants contend that the case could not proceed on a collective basis and that, in any event, no other member of the very small putative class has any interest in joining the lawsuit.

In addition to their many disputes regarding liability and certification/decertification of the collective, the Parties had opposing views on other damages components such as: (1) how to calculate damages, (2) whether liquidated damages were available; and (3) whether a two-year or three-year limitations period applied.

Although the Parties continue firmly to believe in the merits of their respective claims and defenses, given the time and expense associated with full-blown litigation and discovery, and the

5

uncertainty of dispositive motion practice, decertification, and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Defendants in exchange for releases of claims by Plaintiffs and dismissal of this case with prejudice in order to avoid the time and expense inherent in continued litigation. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 ("Thus, when the parties [to the litigation] submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.")

### C. The Settlement Is Fair and Reasonable.

In addition to resolving a bona fide dispute between the Parties, the settlement achieved is fair and reasonable and should be approved for several reasons. First, the proposed settlement arises out of an action for alleged unpaid overtime and other wages brought by Plaintiffs against their employer. While the amount each Plaintiff obtains will necessarily depend on the number of hours he worked during the limitations period, the settlement is based upon Plaintiffs' rates of pay and the number of hours over forty (40) worked each week during the recovery period. Plaintiffs believe such a compromise is reasonable under the circumstances and in light of the defenses and risks of litigating this matter. Thus, Plaintiffs and Plaintiffs' Counsel believe this is a fair recovery considering that Defendants had: (1) reasonable arguments for why the Plaintiffs should not recover; (2) a strong chance of successfully opposing conditional certification; (3) legitimate arguments that liquidated damages were not available; and (4) legitimate arguments that a two-year look-back period would apply.

Second, there is no collusion that occurred between the Parties or their counsel. *See Schneider v. Goodyear Tire & Rubber Co.,* No. 13-2741, 2014 WL 2579637, at *2 (N.D. Ohio

6

Case 4:20-cv-00007-CLC-CHS   Document 22   Filed 07/31/20   Page 6 of 12   PageID #: 74

June 9, 2015) (considering the risk of fraud or collusion between the parties in determining whether to approve an FLSA settlement and concluding that because the parties had engaged in court-supervised negotiations, there was no such risk). Rather, this settlement was reached as a result of arm's-length negotiations between the Parties through experienced attorneys.

Third, during the litigation and settlement of this action, Plaintiffs were represented by counsel who are experienced in handling wage and hour collective actions. Plaintiffs' Counsel has the experience to assess the risks of continued litigation and benefits of settlement and have done so in this action. Plaintiffs' Counsel also has a long-standing multijurisdictional practice representing employees with claims against employers similar to the claims asserted in this case. Defense counsel is likewise experienced in defending similar claims. Counsel for both parties have advised their respective clients regarding the settlement and they have recommended judicial approval. Courts routinely give those recommendations weight. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

Fourth, the range of possible recovery in this case was uncertain. As noted above, Plaintiffs were at risk of recovering little or nothing at all, decertification of the class, if certified, and testimony undermining the merits of their claims. Moreover, the Parties had very divergent positions on liability overall and damages.

Fifth, the proceedings have advanced through initial pleadings and fact investigation, permitting the Parties and their experienced counsel to: (i) collect, obtain, and review evidence; (ii) review and assess data and other information; (iii) evaluate their claims and defenses; (iv) understand the scope of potential damages; and (v) engage in negotiations with the mutual

understanding that continuing toward dispositive motion practice and the class certification and potential decertification motion process would be a difficult, costly, and uncertain undertaking.

Sixth, the complexity, expense, and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that this settlement is fair and reasonable. Without question, if the case had not settled, the Parties would have spent significant time and resources briefing class certification, decertification and other dispositive motions. After the resolution of these motions, the Parties would have had to engage in expensive and extensive efforts to prepare pretrial submissions and prepare for trial in this matter while those motions were pending and, eventually, may have faced the prospect of an expensive, lengthy trial as well as likely post-trial motions and appeals and post-trial motions. Rather than take this path, the Parties directed their efforts toward an informed, efficient resolution of Plaintiffs' claims. While a number of issues remain unresolved in this litigation, the expansive fact investigation processes enabled counsel to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement is in the Parties' best interests. The settlement eliminates the inherent risks both sides would face if this case were to continue. Under these circumstances, the settlement is fair, reasonable, and adequate for Plaintiffs, and the Court should approve it.

## II. Plaintiffs' Counsel's Requested Award of Attorneys' Fees and Costs Is Reasonable and Should Be Fully Granted.

The proposed award of attorneys' fees and costs is more than fair, reasonable, and should be approved. Indeed, the attorneys' fees component of the settlement is reasonable and does not fully compensate Plaintiffs' Counsel for the time and effort spent in litigating this matter, as Plaintiffs' Counsel sought to reserve the greater part of the settlement payment for distribution to Plaintiffs. Defendants do not oppose the payment of the agreed-upon amount of Plaintiffs' Counsel's attorneys' fees, litigation expenses, and costs from the settlement amount. Moreover,

8

Case 4:20-cv-00007-CLC-CHS   Document 22   Filed 07/31/20   Page 8 of 12   PageID #: 76

"the attorneys' fees provision[] of the . . . FLSA exist to enable Plaintiffs to employ reasonably competent lawyers without costs to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA." *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 502 (6th Cir. 1984).

In the Sixth Circuit, the only requirement for awards of attorneys' fees and costs to class Plaintiffs' Counsel is that the award "be reasonable under the circumstances." *Rawlings v. Prudential-Bache Property*, 9 F.3d 513, 516 (6th Cir. 1993); *see also Blum v. Stenson*, 465 U.S. 886, 893 (1984). As the United States Supreme Court has recognized, without the class/collective action mechanisms, individuals with small claims lack the economic resources to vigorously litigate their rights. Without compensation to those attorneys who are willing to undertake the inherent complexities and unknowns of class and collective action litigation, enforcement of the federal and state laws would be jeopardized. *See Eisen v. Carlisle and Jacqueline*, 417 U.S. 156, 161 (1974). Thus, attorneys taking on class and collective actions enable litigants to pool their claims, thus providing a huge valuable service to the judicial process and society as a whole.

As stated above, the complexity of this case and the novelty of the issues presented required a high level of skill and knowledge regarding wage and hour class collective action law. It is respectfully submitted that Plaintiffs' Counsel have unique skills and qualifications in the area of wage and hour class action litigation and maintain nationwide class and collective action wage and hour practices. As a result, Plaintiffs' Counsel understand first-hand the risks, difficulties and costs associated with actually preparing and taking a wage and hour class action to trial, as opposed to negotiating a favorable compromised settlement agreement.

9

Plaintiffs' attorneys' fees and costs are reasonable given the result obtained, time expended, and time yet to be expended in administering the proposed settlement. *See Mclain et. al. v. First Acceptance Corp.*, No. 3-17-cv-00408 [ECF No. 57] (M.D. Tenn. 2018) (Order approving attorneys' fees and costs approximating 66% of the total settlement amount); *Wilson et. al. v. MMR Senior Alliance Corp et. al.*, No. 3:17-cv-1412 [ECF No. 56] (M.D. Tenn. 2018) (Order approving attorneys' fees and costs approximating 50% of the total settlement amount). This case was actively litigated, and Defendants do not challenge that the attorneys' fees and costs award reached as part of this settlement is fair and reasonable.

## CONCLUSION

This FLSA settlement is a product of an arm's-length negotiation between the Parties and their counsel, which resolves a bona fide dispute over allegedly owed overtime wages. As such, the settlement is fair and reasonable and provides Plaintiffs with significant monetary relief. Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and the distribution of the settlement amount to Plaintiffs in full as described above. Further, Plaintiffs' Counsel request that this Court award reasonable attorneys' fees and litigation costs in the amount requested. Finally, the Parties jointly request that this action be dismissed with prejudice.

Respectfully submitted on July 31, 2020.

**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**

*/s/ Robert E. Turner, IV*
J. Russ Bryant, BPR #33830
rbryant@jsyc.com
Robert E. Turner, IV, BPR #35364
rturner@jsyc.com
Nathaniel A. Bishop, BPR #35944
nbishop@jysc.com
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524

**PONCE LAW**

*/s/Nina Parsley*
Nina Parsley, BPR #23818
nina@poncelaw.com
400 Professional Park Drive
Goodlettsville, Tennessee 37072

*Attorneys for Plaintiffs*

**MILLER & MARTIN PLLC**

*/s/ Bradford G. Harvey (w/ Permission)*
Bradford G. Harvey, BPR #17393
brad.harvey@millermartin.com
Jessica Malloy-Thorpe, BPR #35234
jessica.malloy-thorpe@millermartin.com
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8480

*Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

<em>/s/ Robert E. Turner, IV</em>