UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| TIMOTHY BROWN, *individually*, *and on behalf of himself and other similarly situated current and former employees*, ) ) ) ) | No. 4:20-CV-7 |
| *Plaintiffs,* ) ) | Judge Collier |
| ) | Magistrate Judge Steger |
| v. ) ) | |
| HENLEY PROPANE, INC., EDWARD HENLEY, and BRETT HENLEY, ) ) ) | |
| *Defendants.* ) | |

# **M E M O R A N D U M**

Before the Court is the parties' joint motion for approval of a settlement agreement in this action. (Doc. 22.) The Court will **GRANT** the motion and **APPROVE** the proposed settlement agreement. (Doc. 22-1 at 1–5 ["Settlement Agreement"].)

This case is brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Named Plaintiff Timothy Brown and opt-in Plaintiff Rick Harris allege they were non-exempt employees of Defendants who worked in excess of forty hours per workweek and Defendants failed to pay them a premium of at least one and one-half times their regular hourly rate for this overtime as required by the FLSA. Defendants claim Plaintiffs were exempt under the Motor Carrier Act and the FLSA and were therefore not entitled to overtime pay. Plaintiffs have not filed a motion for certification of a collective action.

The proposed settlement agreement requires Defendants to pay a total of $16,500, with $8,346 as wages to Timothy Brown, $3,786.50 as wages to Rick Harris, and $4,367.50 as Plaintiffs' attorney fees and costs. (Settlement Agreement ¶ 3.) In exchange for these payments,

Plaintiffs agree to dismiss the action with prejudice, dismiss all putative collective actions without prejudice, release all of their claims against Defendants, with the exception of any claims that arise after the execution of the Settlement Agreement or that may not be released as a matter of law. (*Id.* ¶¶ 1, 2, 7.)

The Court has reviewed the Settlement Agreement and finds it is a fair, reasonable, and adequate resolution of a bona fide dispute over FLSA provisions. *See Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 WL 6707008 at *3 (E.D. Tenn. Dec. 26, 2012) (concluding FLSA settlement agreement of collective action was fair, reasonable, and adequate resolution of bona fide dispute). Factors relevant to finding a settlement fair, reasonable, and adequate include: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Redington v. Goodyear Tire & Rubber Co.*, No. 5:07CV1999, 2008 WL 3981461, *11 (N.D. Ohio Aug. 22, 2008) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992)).

The first and fifth factors—the risk of fraud or collusion and the opinion of class counsel— both favor approving the settlement as fair and adequate. Plaintiffs were represented by counsel, who are experienced in handling wage and hour collective actions, throughout the litigation. The parties engaged in arms-length litigation and negotiations over significantly contested issues for six months to achieve a settlement. The Court concludes there is a bona fide dispute and little risk

2

the settlement was the result of fraud or collusion.  The Court also credits counsel's view that the proposed settlement is fair, adequate, and reasonable for Plaintiffs.

The Court turns next to the second and third factors—the complexity, expense, and likely duration of the litigation, and the amount of discovery completed by the parties.  The parties state they have engaged in an "expansive fact investigation process" by: (i) collecting, obtaining, and reviewing evidence; (ii) reviewing and assessing data and other information; and (iii) evaluating their claims and defenses.  (Doc. 22 at 7.)  This is a collective action, and the Court sees some complexity in the issues this Court and the jury would have to decide.  The parties state if no settlement had been reached, the Court would have had to address class certification, decertification, and other dispositive motions.  (*Id.* at 8.)  The parties state they would also have had to engage in expensive and extensive efforts to prepare pretrial submissions, and perhaps in an expensive, lengthy trial, in addition to likely post-trial motions and appeals.  (*Id.*)  The Court therefore sees a likelihood of some expense and time to resolve the matter, without a settlement.  The Court concludes the second and third factors weigh in favor of approving the settlement.

The fourth factor, the likelihood of success on the merits, is neutral.  The parties state they have opposing views on whether Plaintiffs were exempt, whether this action could proceed as a collective action, how to calculate damages, and the length of the limitations period.  (*Id.* at 5.)

The sixth factor, the reaction of absent class members, favors settlement.  The parties agree the putative class in this case was small.  (*Id.* at 2.)  The parties further state that the other potential members of the class knew of the litigation and "expressed no interest in joining the lawsuit or bringing similar claims."  (*Id.*)

As for the seventh factor, the Court views settlement as in the public interest here.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as

3

FLSA coverage or computation of back wages, that are actually in dispute[,] the district court [may] approve the settlement . . . to promote the policy of encouraging settlement of litigation." *Bartlow*, 2012 WL 6707008 at *1 (2d alteration in original) (quoting *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982). As already noted, the Court believes the proposed settlement reflects a reasonable compromise over disputed issues of FLSA coverage. Accordingly, the Court finds the proposed settlement is in the public interest.

Finally, the Court finds the terms regarding attorney's fees in the Settlement Agreement to be reasonable. The FLSA has a mandatory fee-shifting provision providing that the prevailing party shall recover reasonable attorney's fees and costs. 29 U.S.C. § 216(b). The FLSA fee award "encourages the vindication of congressionally identified policies and rights," and therefore should be determined without "plac[ing] an undue emphasis on the amount of the plaintiff's recovery." *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994) (quotation omitted). Indeed, the Court of Appeals for the Sixth Circuit has "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Id.* (quotation omitted). Here, attorney's fees and costs of $4,367.50 are not unreasonable. This is especially true considering the relative lack of correlation between plaintiffs' recoveries and attorney's fees in FLSA cases. *See Fegley*, 19 F.3d at 1135; *but see Dean v. F.P. Allega Concrete Constr. Corp.*, 622 F. App'x 557 (6th Cir. 2015) (reversing attorney's fee award of $25,422 where plaintiff recovered $117).

The relevant factors either point in favor of approving the proposed settlement agreement or are neutral. The Court also finds the proposed payment of attorney's fees is reasonable. Accordingly, upon consideration of the joint motion and the proposed settlement agreement, the Court finds the proposed settlement agreement is fair, reasonable, and adequate. The Court will **GRANT** the parties' joint motion (Doc. 22) and **APPROVE** the proposed settlement agreement

4

(Doc. 22-1 at 1–5).  This case will be **DISMISSED WITH PREJUDICE**, with each party bearing its own attorney fees and costs, except as otherwise provided in the settlement agreement.

**An appropriate Order will enter.**

**/s/_____**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**